IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVESTER GOMEZ,

     Plaintiff,                  1:06-CV-00491 ALA P

     vs.

CHENIK, M.D., et al.,

     Defendants.            <u>ORDER</u>

_____/

     Plaintiff Silvester Gomez is a state prisoner proceeding pro se and informa pauperis. On April 26, 2006, Plaintiff filed a complaint seeking relief pursuant to 42 U.S.C. § 1983.

I

     Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen complaints brought against a governmental entity or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court

1

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

## II

Plaintiff alleges that he suffered chronic pain and debility in his elbows, knees and back and that Defendants refused to treat Plaintiff. "'The unnecessary and wanton infliction of pain upon incarcerated individuals under color of law constitutes a violation of the Eight Amendment.'" *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs." *Id.* at 1057.

"In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* A plaintiff can show a defendant's response was deliberately indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059).

"A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057. "Under this

1  standard, the prison official must not only 'be aware of facts from which the inference could be
2  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
3  inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'[D]eliberate
4  indifference to medical needs may be shown by circumstantial evidence when the facts are
5  sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4
6  (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

7  After review, the court finds that the complaint states a colorable claim for relief against
8  Defendants Chenik, Greeves and Thirakomen, pursuant to 42 U.S.C. § 1983 and 28 U.S.C.
9  § 1915A(b).

## III

11  Plaintiff has also alleged that Defendant Hasadri refused to sign a referral for Plaintiff
12  because Plaintiff had an outstanding lawsuit in which Hasadri was a defendant. Allegations of
13  retaliation against a prisoner's First Amendment rights to speech may support a § 1983 claim.
14  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Within the prison context, a viable
15  claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state
16  actor took some adverse action against an inmate (2) because of (3) that prisoner's protected
17  conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and
18  (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68; *see also*
19  *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (explaining that a
20  plaintiff must plead facts which suggest "that the protected conduct was a 'substantial' or
21  'motivating' factor in the defendant's decision") (citation omitted).

22  After review, the court finds that the complaint states a colorable claim for relief against
23  Defendant Hasadri, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

## IV

25  However, Plaintiff has failed to state a colorable claim for relief against Defendants
26  Freidman, Johnston, Smith, German, Salinas, Grannis, Klarich or Reynolds. Plaintiff has not

alleged that any of these defendants were deliberately indifferent to his pain or retaliated against him for exercising his First Amendment rights. Plaintiff will be given an opportunity to amend his complaint.

If Plaintiff chooses to amend the complaint any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If Plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. FED. R. CIV. P. 10(B). Plaintiff may join multiple claims if they are all against a single defendant. FED. R. CIV. P. 18(a). If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); FED. R. CIV. P. 8.

Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

The court (and defendant) should be able to read and understand Plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. FED. R. CIV. P. 11. Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

5

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

V

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Defendants Freidman, Johnston, Smith, German, Salinas, Grannis, Klarich and Reynolds are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty-five (35) days from the date of this order. Failure to file an amended complaint will result in these defendants being dismissed from this action and the court will proceed against Defendants Chenik, Greeves, Thirakomen, and Hasadsri; and

2. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

/////

DATED: December 17, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation