IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVESTER GOMEZ,

       Plaintiff,               Case No. 1:06-cv-00491 ALA (P)

    vs.

CHENIK, M.D., et al.,

       Defendants.         ORDER

_____/

**I**

On September 19, 2008, this Court ordered Plaintiff Silvester Gomez ("Plaintiff") to show cause why Defendants Greeves, Chenik and Thirakomen should not be dismissed from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 32). In the interim, Defendant Thirakomen has returned an executed waiver of service. (Doc. 39). To date, however, the United States Marshal has been unable to effectuate service on Defendants Greeves and Chenik based on the information provided by Plaintiff. (Docs. 26, 37).

On October 28, 2008, Plaintiff responded to this Court's Order to Show Cause. (Doc. 35). Plaintiff explains that he "was of the impression that he was not to interfere with the service process of the defendants." (*Id*.). Plaintiff relies on this Court's order directing the United States Marshal to notify the named defendants of the action. (Doc. 15). Specifically, he cites the

following language, "Plaintiff need not attempt service on defendants and need not request

waiver of service. Upon receipt of the above-described documents, the court will direct the

United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil

Procedure 4 without payment of costs." (Docs. 15, 35).  Plaintiff requests additional time to

provide the United States Marshal with accurate contact information to notify the outstanding

named defendants.  (Doc. 35).

## II

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> "[i]f a defendant is not served within 120 days after the complaint
> is filed, the court--on motion or on its own after notice to the
> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

/////

## III

A pro se prisoner proceeding in forma pauperis is entitled to rely upon service by the

United States Marshal when he or she has provided the necessary information to help effectuate

service. *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has

furnished the information necessary to identify the defendant, the marshal's failure to effect

service 'is automatically good cause within the meaning of Rule 4 [ (m) ].'" *Walker v. Sumner*,

14 F.3d 1415, 1422 (9th Cir.1994) (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir.

1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

In the case at bar, Plaintiff provided the United States Marshal with the same contact

information for Defendants Chenik, Greeves, Hasadsri and Thirakomen. (Docs. 26, 28, 37, 39).

Based on this information, Defendants Hasadsri and Thirakomen have returned executed

waivers.  This Court, therefore, concludes that Plaintiff has provided the United States Marshal

the necessary information to help effectuate service, and has shown good cause within the

meaning of Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's request for an extension of time to provide the United States Marshal updated contact information for Defendants Greeves and Chenik is GRANTED;

2. The Clerk of Court shall send Plaintiff (2) USM-285 forms; and

3. Plaintiff shall file a completed USM-285 form for Defendant Greeves and Defendant Chenik on or before December 8, 2008.

DATED: November 14, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

3