IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVESTER GOMEZ, | |
| Plaintiff, | Case No. 1:06-cv-00491 ALA (P) |
| vs. | |
| CHENIK, M.D., et al., | |
| Defendants. | <u>ORDER</u> |

Mr. Silvester Gomez ("Plaintiff") is a state prisoner who proceeds pro se and *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pending before this Court is Plaintiff's motion, styled "Notice and Motion to enter default Judgment on defendants Chenik, M.D. and Greeves, M.D." (Doc. 42).

**I**

On February 4, 2008, this Court found that Plaintiff stated colorable claims for relief against Defendants Chenik, Greeves, Hasadsri and Thirakomen. (Doc. 15). After Plaintiff filed the ordered service documents, the United States Marshal was directed to notify the aforesaid defendants of this action, and to seek waivers of service in accordance with Rule 4(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). (Doc. 24). The United States Marshal mailed the process to all four Defendants on May 8, 2008. (Docs. 26, 28, 37, 39).

On June 3, 2008, Defendant Hasadsri returned an executed waiver of service. (Doc. 28). Service, however, was not effectuated for the remaining defendants within 120 days as prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. On September 18, 2008, this Court ordered Plaintiff to show cause why Defendants Greeves, Chenik and Thirakomen should not be dismissed from this action in light of Rule 4(m).[1] This Court found, in its November 17, 2008 order (Doc. 40), that "good cause" was shown by Plaintiff and granted him an extension of time to provide the United States Marshal accurate contact information for Defendants Greeves and Chenik.[2] (Doc. 40). On November 24, 2008, Plaintiff requested that Attorney General Ellen Y. Hung provide him with Defendant Greeves and Chenik's forwarding addresses. (Doc. 41). In his present motion, Plaintiff states that he received correspondence from the Attorney General's Office on December 9, 2008, but advises that the Attorney General's response did not provide forwarding addresses for Defendants Greeves or Chenik. (Doc. 42). Plaintiff now seeks a default judgment against Defendants Greeves and Chenik. (*Id*.).

## II

A court cannot exercise personal jurisdiction over a named defendant without proper service of process. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4"). "[N]either actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v.*

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

[2] A waiver of service for Defendant Thirakomen was returned executed on November 13, 2008. (Doc. 39).

*Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, --- U.S. ----, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987).

In the instant case, it is undisputed that Defendants Greeves and Chenik have not been served. Accordingly, Plaintiff's motion for an entry of default judgment against them is premature and must be denied. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 2003) (finding a default judgment was void as to a party who was not served process).

### III

Still at issue, however, is Plaintiff's failure to provide the United States Marshal the information required to serve Defendants Greeves and Chenik.

> [A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure.

*Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990).

This Court provided Plaintiff an extension of time to provide the United States Marshal with updated contact information for Defendants Greeves and Chenik on the basis that Plaintiff reasonably believed that he initially "provided the necessary information to help [the United States Marshal] effectuate service." *Id*. Aware of the defect in service, Plaintiff was no longer entitled to rely on the United States Marshal: he was required to assist the United States Marshal to achieve service. *Id*. at 274. To date, however, Plaintiff has failed to proffer the requisite contact information for the United States Marshal to effectuate service of process. (Doc. 40).

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff is hereby on notice that if completed USM-285 forms for Defendants Chenik and Greeves are not filed with this Court on or before December 30, 2008, Defendants Greeves and Chenik will be dismissed from this action.

3

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion to enter a default judgment against Defendants Greeves and Chenik is DENIED;

2. Plaintiff must file completed USM-285 forms for Defendants Chenik and Greeves with this Court on or before December 30, 2008; and

3. Plaintiff's failure to comply with this order will result in the dismissal of Defendants Greeves and Chenik from this action.

DATED: December 19, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation