IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVESTER GOMEZ,

      Plaintiff,                    Case No. 1:06-cv-00491 ALA (P)

   vs.

CHENIK, M.D., et al.,

      Defendants.            <u>ORDER</u>

_____/

      On February 20, 2009, Plaintiff Silvester Gomez ("Plaintiff") requested that this Court amend the scheduling order, (Doc. 46), to permit a forty-five day extension to respond to Defendants' interrogatories and document requests. (Doc. 47). As per the scheduling order, the parties were permitted to conduct discovery until March 4, 2009. (Doc. 46). Good cause shown, this Court amended the scheduling order, and ordered, "[t]he parties [to] fulfill outstanding discovery requests that comport with this Court's scheduling order, (*Id.*), on or before April 20, 2009." (Doc. 56). This Court also amended the date upon which the parties could file a motion to compel discovery: changing that date from March 11, 2009, to April 27, 2009. (*Id.*). The scheduling order was amended to accommodate Plaintiff's request to have additional time to respond to Defendants' discovery. These amendments to the scheduling order are limited in that respect, and do not afford the parties additional time to propound untimely discovery or

1

additional time to compel untimely discovery.

Pending before this Court, is Plaintiff's motion to compel discovery, dated March 11, 2009, and entered by the Clerk of Court on March 16, 2009. (Doc. 52). Plaintiff has failed to furnish this Court with proof of service. In addition to this motion, Plaintiff also filed a letter to Deputy Attorney General Ellen Y. Hung, Defendants' attorney, requesting that Defendants respond to his discovery requests. (Doc. 52). Plaintiff's letter is dated March 4, 2009. Plaintiff also filed his discovery requests, which are styled "Plaintiff's Request for Production of Documents," (Doc. 53), dated March 2, 2009, and "Plaintiff's Request for Admissions," also dated March 2, 2009.

This Court's scheduling order provides that "[r]esponses to written discovery requests shall be due forty-five days after the request is served[.]" (Doc. 46). Because discovery was to be complete by March 4, 2009, the parties were required to serve their written discovery requests on or before January 26, 2009, to afford the parties at least forty-five days to respond to the request.

Plaintiff's motion to compel discovery fails for two reasons. First, Plaintiff''s motion to compel is untimely as he failed to provide proof of service to establish the date he mailed the motion to compel, which was due on March 11, 2009. He also failed to inform this Court of the means by which he sent the motion. Without such proof, the document is not entitled to the benefit of the "mailbox rule," and accordingly is deemed filed on March 16, 2009, the date upon which the Clerk of Court entered the motion to compel. *See Houston v. Lack*, 487 U.S. 266, 276 (1988)(holding "that the Court of Appeals had jurisdiction over [Houston's] appeal because the notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").

Second, Plaintiff's motion asks this Court to compel Defendants to comply with discovery requests that are dated March 2, 2009. This Court will not compel Defendants to respond to Plaintiff's discovery requests as they were served on Defendants more than five

weeks after the date prescribed by the scheduling order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel be DENIED.

/////

DATED: March 18, 2009

                                          /s/ Arthur L. Alarcón
                                          UNITED STATES CIRCUIT JUDGE
                                          Sitting by Designation