IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SILVESTER GOMEZ,

      Plaintiff,

vs.

CHENIK, M.D., et al.,

      Defendants.
_____/

Case No. 1:06-cv-00491 ALA (P)

<u>ORDER</u>

**I**

Plaintiff Silvester Gomez ("Plaintiff") proceeds *pro se* and *in forma pauperis* in this civil rights action, in which he alleges that Defendants refused to treat the debility in his elbows, knees, and back, which resulted in chronic pain and the inability to perform day-to-day activities. He also asserts that Defendants failed to treat his pain by prescribing ineffective medicines and denying his request for accommodations. Pending before this Court is Plaintiff's motion requesting that this Court appoint counsel to represent him pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 61).

**II**

A district court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In § 1983 cases brought by indigent litigants, the decision to

1

appoint counsel lies within "the sound discretion of the [district] court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). "A finding of exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In determining whether Plaintiff's motion for appointment of counsel should be granted, this Court shall consider both factors in conjunction since neither factor is dispositive. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

### III

### A

In support of the motion, Plaintiff contends that his claims are meritorious and that this case is complex. (Doc. 61). Specifically, Plaintiff asserts that he received the surgery he was allegedly denied on his knee while on parole. (*Id*.). In a separate filing, Plaintiff furnished this Court with the corresponding medical bill. (Doc. 35). Plaintiff also maintains that his case is complex because "there are already issues in dispute, [which] will require significant research and investigation." (Doc. 61). He avers that these disputed issues and conflicting evidence will be presented at trial, warranting the appointment of counsel.

### B

Pro se litigants are rarely in a position to research and investigate facts easily. *See Wilborn v. Escalderon*, 789 F.2d 1328,1331 (9th Cir. 1986). This fact, however, does not deem a case complex. *Id*. Similarly, factual disputes and anticipated examination of witnesses at trial does not warrant the finding of exceptional circumstances supporting an appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that even though the appellant "may well have fared better-particularly in the realms of discovery and the securing of expert testimony-but this is not the test."), *overruled on other grounds*, *Rand v. Rowland*, 154

F.3d 952 (9th Cir. 1998) (en banc).

In determining whether an indigent pro se litigant should receive counsel, an assessment of that litigant's performance in the case may be considered as evidence that he has some ability to navigate in the legal proceedings. *See Nobles v. U.S. Customs*, WL 1944106 at *3 (S.D. Cal. 2008) (citing *Plummer v. Grimes*, 87 F.3d 1032, 1033 (9th Cir.1996)). In the instant case, Plaintiff has demonstrated the ability to articulate his position, conduct legal research, and comprehend this Court's instructions.

After considering the complexity of the case, the Plaintiff's demonstrated ability to articulate his position, and the merit of the claims, this Court concludes that an appointment of counsel is not warranted. Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion be DENIED.

/////

DATED: April 14, 2009

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation